FILED

2005 Jan-25  PM 04:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
Western Division

TIMOTHY MANNING; BILLY JOE HOOD,     )
                                     )
            Plaintiffs,              )
                                     )
    v.                               )   Civil Actio    CV-05-CO-0135-W
                                     )
KAWASAKI MOTORS CORP., U.S.A., et al., )
                                     )
            Defendants.              )

## NOTICE OF REMOVAL

COME NOW the defendants, Kawasaki Motors Corp., U.S.A., (hereinafter referred to as

""Kawasaki"), and that defendant designated in the plaintiffs' complaint as Twin States Kawasaki

(hereinafter referred to as "Twin States") and pursuant to the provisions of 28 U.S.C. § 1332, 1441 (a)

and 1441 (b), file this Notice of Removal of the above-referenced action to the United States District Court

for the Northern District of Alabama, Western Division. In support of this Removal, defendant states as

follows:

### Timeliness of Removal

1.     Kawasaki and Twin States are defendants in the above-referenced civil action originally

filed on December 28, 2004 in the Circuit Court of Pickens County, Alabama.

2.     Kawasaki was served with the summons and complaint by certified mail on January 3,

2005. Twin States was served with the summons and complaint by certified mail on December 30, 2004.

This removal is timely under 28 U.S.C. § 1446(b).

3.     True and complete copies of all process and pleadings served upon defendants Kawasaki

and Twin States are attached hereto as Exhibit "A".

4.     A notice of filing this Notice of Removal has been filed with the Circuit Court of Pickens County, Alabama (Exhibit "B").

5.     Kawasaki and Twin States are the only defendants that have been served with the summons and complaint in this action. Kawasaki is a foreign corporation with its principal place of business in Irvine, California. Twin States is a foreign corporation with its principal place of business in Columbus, Mississippi.

This Court has original jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds the sum of $75,000.

## Federal Diversity Jurisdiction

1.     As alleged in the complaint, the plaintiffs are residents of Pickens County, Alabama.

2.     At the commencement of this action and all times herein mentioned, Kawasaki is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in Irvine, California. At the commencement of this action and at all times hereinafter mentioned, Twin States is a corporation organized and existing under the laws of the State of Mississippi, with its principal place of business located in Columbus, Mississippi.  Accordingly, for purposes of determining diversity of citizenship, plaintiffs are residents of the State of Alabama and defendants are citizens of the States of California and Mississippi. See, 28 U.S.C. § 1332 (c)(1).  The defendants identified as fictitious defendants (A) - (Z) are merely fictitious parties against whom a cause of action can be validly alleged. Upon information and belief, no fictitiously designated defendant has been served with process. For purposes of removal, the "citizenship of all fictitious defendants shall be disregarded." See, 28 U.S.C. § 1441(a).

2

### The Amount in Controversy Exceeds $75,000.00

3.     While the allegations of the complaint do not contain a specific monetary amount, as demonstrated herein, the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. The plaintiffs have made claims for violations of Alabama's Alabama Extended Manufacturer's Liability Doctrine, negligence, negligence per se and breach of express warranty. Plaintiffs demand judgment against defendants for compensatory and punitive damages. Punitive damages are designed to punish the culpability of the wrongdoer and to deter such wrongful conduct in the future. Although no specific amount was claimed, it is clear the plaintiffs' claims for compensatory and punitive damages could exceed the sum of $75,000 and thus, satisfy the jurisdictional requirements for diversity jurisdiction.

4.     The sufficiency of a pleading is tested by the substantive allegations of the claim. Wright & Miller, *5 Federal Practice & Procedure*, § 1255, pp. 367-368. The plaintiff in this case is seeking an unspecified amount of compensatory and punitive damages to be determined by the jury in this case.

5.     When there is an unspecified claim for damages such as those contained in the present Complaint, a removing defendant need not meet the rigid "legal certainty" standard articulated in cases where the plaintiff expressly claims less than the jurisdictional minimum amount of $75,000. *Lowe's OK'd Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F.Supp. 1388, 1389 (M.D.Ala. 1998). Instead, a removing defendant need only show "by a preponderance of the evidence" that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement. *See, Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002); *see, also, Kirkland v. Midland Mortgage Company*, 243 F.3d 1277, 1281 (11th Cir. 2001). In addition, when determining whether the jurisdictional amount in controversy

3

prerequisite is met, the courts must consider the effect of a claim for punitive damages on the amount in controversy, "unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equipment Co. v. Credit Alliance Corp*, 821 F.2d 1531 (11th Cir. 1987).

Plaintiffs have made claims for personal injuries and property damage. The plaintiffs are seeking damages that are compensatory and punitive in nature. The damages to be awarded would be those designed to punish the culpability of the wrongdoer and to deter others from performing similar acts in the future. Additionally, plaintiffs are claiming that Mr. Hood was ejected from the motorcycle in question, flew through the air and collided with the side of an apartment complex. Plaintiffs contend that Mr. Hood suffered personal injuries as a result. More likely than not, Mr. Hood's medical expenses alone exceed $75,000. Upon information and belief, the purchase price of the 2002 Kawasaki ZX1200 paid by Mr. Manning to from Twin States is approximately $10,000.

6.     Based on many recent jury verdicts in Alabama involving claims for personal injuries and property damage, it cannot be seriously disputed that the damages which could be awarded would exceed the $75,000 jurisdictional requirement, exclusive of interest and costs.

7.     It is well established that the value of all claims can be aggregated to satisfy the federal jurisdictional amount in controversy requirement. See, Bullard v. City of Cisco, 290 U.S. 179 (1933); Snyder v. Harris, 394 U.S. 332, 335 (1969); Klepper v. First American Bank, 916 F.2d 337, 341 (6th Cir. 1990).

Aggregation of claims is particularly appropriate here, since plaintiffs assert separate claims for damages under different theories of relief.

4

In the complaint Mr. Manning is making claims for property damage to the motorcycle in question which he contends was manufactured and sold by the defendants in a defective and/or unreasonably dangerous condition. Mr. Manning is claiming compensatory and punitive damages in an amount to be determined by the jury for defendants' alleged violations of the Alabama Extended Manufacturer's Liability Doctrine; Kawasaki's alleged gross and extreme negligence in that the recall notice issued was untimely and/or defective; negligence per se in that the recall notice issued was untimely an/or defective; and claims against Kawasaki and Twin States for breach of express warranty in that the motorcycle in question failed to conform to the warranty provided by the manufacturer and breach of implied warranty in that the motorcycle was not fit for its intended purpose and/or was not merchantable.

Mr. Hood is claiming personal injury damages against the defendants that arise from the accident in question where he and the motorcycle in question were carried 138 feet in the air and struck a tree. Upon striking the tree Mr. Hood continued an additional 39 feet and hit the side of an apartment complex. Mr. Hood contends that he is entitled to compensatory and punitive damages in an amount to be determined by the jury for the bodily injuries he suffered in the accident in question. Mr. Hood also claims that the motorcycle was defective and that defendants violated the Alabama Extended Manufacturer's Liability Doctrine, and that they are responsible for his bodily injuries because of their alleged negligence, negligence per se and breach of implied warranty. It is possible that the plaintiffs may be entitled to recover compensatory and punitive damages from the defendants for their separate claims.

## Supplemental Jurisdiction

8.      Given that there is complete diversity of citizenship between plaintiffs and defendants, and given that the amount in controversy exceeds the jurisdictional amount, this Court has original jurisdiction

5

over plaintiffs' claims. See, 28 U.S.C. § 1332 (a)(1). To the extent this Court lacks original jurisdiction

over any of the plaintiffs' claims, this Court has supplemental jurisdiction over said claims, because the

claims form a part of the same "case or controversy" as claims within the Court's jurisdiction. See, 28

U.S.C. § 1367(a).

## Reservation of Objections to Improper Venue

9.     Notwithstanding this Notice of Removal, defendants do not intend in any way, shape or

form to waive its objections to venue. Defendants hereby reserve all objections available to them, including

improper venue.

WHEREFORE, PREMISES CONSIDERED, defendants Kawasaki Motors Corp., U.S.A., and

Twin States Kawasaki desire to remove this cause to the United States District Court for the Northern

District of Alabama, Western Division, pray that this Notice of Removal, the written notice thereof to the

plaintiffs, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Pickens

County, Alabama, shall affect the removal of said cause to this Court.

Respectfully submitted,

E. Martin Bloom (BLO 004)

J. Scott Evans (EVA 035)
Attorney for Defendant Kawasaki Motors Corp.,
U.S.A.

6

OF COUNSEL:
Friedman, Leak & Bloom, P.C.
3800 Colonnade Parkway, Suite 650
P. O. Box 43219
Birmingham, AL   35243-0219
Telephone: (205) 278-7000
Facsimile: (205) 278-7001

Jeffery Ingram

Jeffrey L. Ingram, Attorney for Twin States
Kawasaki

OF COUNSEL:
Galese & Ingram, P.C.
P. O. Box 530985
Birmingham, AL 35253
Telephone: (205) 870-0663
Facsimile:(205) 870-0681

## CERTIFICATE OF SERVICE

I hereby certify I have caused a copy of the foregoing pleading to be served on counsel for all parties by placing copies thereof in the United States Mail, first class postage prepaid and properly addressed, on this the _____ day of January, 2005.

OF COUNSEL

cc
Mr. Brandon L. Blankenship
Gilbert & Cook, P.C.
2117 First Avenue North
Birmingham, AL 35203

7

**SUMMONS (CIVIL)**

**Timothy Manning, Billy Joe Hood v. Kawasaki Motors Corp., U.S.A., Twin States Kawasaki, et al.**
**Case Number:   CV-2004-  /23**

**NOTICE TO:** Kawasaki Motors Corp., U.S.A., c/o The Corporation Trust Co.,1209 Orange St, Wilmington, DE 19801

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.  YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT.  A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY **BRANDON BLANKENSHIP** WHOSE ADDRESS IS **2117 1ST AVENUE NORTH, BIRMINGHAM, AL, 35203.**

THIS ANSWER MUST BE MAILED OR DELIVERED **WITHIN 30 DAYS** AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

_____ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendan

_____ Service by certified mail of this summons is initiated upon the written request of **Plaintiff** pursuant to the Alabama Rules of Civil Procedure.

_____ Certified Mail is hereby requested.

_____
Plaintiff / Attorney Signature

**RETURN ON SERVICE:**

_____ Return receipt of certified mail received in this office on _____.
                                                                                                              (Date)

_____ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on

_____.
                    (Date)

_____
Date

_____
Server's Signature

_____
Address of Server

_____
Type of Process Server

December  27. 2004
Date

Sobby Clwart
Circuit Clerk

## IN CIRCUIT COURT OF PICKENS COUNTY, ALABAMA

| | |
|---|---|
| TIMOTHY MANNING, <br> BILLY JOE HOOD, <br><br>     PLAINTIFFS, <br><br> vs. <br><br> KAWASAKI MOTORS <br> CORP., U.S.A. <br> TWIN STATES KAWASAKI, <br> FICTIOUS PARTY A, B, C.....Z., <br><br>     DEFENDANTS. | ) <br> ) <br> ) <br> ) <br> ) <br> )     CV- 2004- *123* <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

*Factual Averments*

1. On or about December 28, 2002, Billy Joe Hood ("Hood") was driving a 2002 Kawasaki ZX 1200 motorcycle ("Motorcycle") down Highway 175 in Pickens County, Alabama.

2. While driving through an ordinary curve, the Motorcycle came out from under Hood and carried him 138 feet in the air until he and the Motorcycle struck a tree.

3. Upon striking said tree, Hood was separated from the Motorcycle and continued an additional 39 feet in the air until he hit Pee Wee's apartment and came to an abrupt stop.

4. Hood suffered personal injuries as a result.

5. Hood noticed that the rear tire of the Motorcycle was covered in oil, which it had not been when he boarded the Motorcycle.

6. Ficticious parties A, B and C are those dealers who sold the Motorcycle to Plaintiff Timothy Manning.

7. Ficticious parties D, E, and F are those entities whom manufactured the Motorcycle.

## COUNT I: ALABAMA'S EXTENDED MANUFACTURER'S LIABILITY DOCTRINE

8. Defendant Kawasaki Motors Corp., U.S.A. ("Kawasaki") is engaged in the business of manufacturing and selling a product known as the 2002 Kawasaki ZX1200 .

9. Defendant Kawasaki sold said product and placed it in the stream of commerce where Plaintiff's ultimately purchased the same.

10. Defendant Twin States Kawasaki was an authorized dealer for Kawasaki and Plaintiff Timothy Manning purchased the Motorcycle from Twin States Kawasaki.

11. The said product reached Plaintiff, the ultimate user or consumer of the said product, without any substantial change in its condition from the time it was sold by Defendants.

12. Said product when it reached Plaintiff was in a defective condition and/or in a condition that was unreasonably dangerous to the Plaintiff as the ultimate user or consumer, as those terms are defined by the Alabama Extended Manufacturer's Liability Doctrine as enunciated by the Alabama Supreme Court.

13. In using said product as it was intended to be used, namely driving said product under normal conditions, the Plaintiff suffered injuries and damages as a proximate result of the product's defective and/or unreasonably dangerous condition.

14. Plaintiff claims punitive damages form the Defendant.

WHEREFORE, BASED ON THE FOREGOING, Plaintiffs demand judgment against each named Defendant and Fictitious Defendant, separately and severally, for compensatory and punitive damages in an amount to be determined by the jury, plus costs, along with such other further and different relief to which Plaintiffs may be entitled.

### *Additional Factual Averments*

15. Defendant Kawasaki was aware of the defect in the Motorcycle.

16. Defendant Kawasaki issued a recall notice regarding the said defect.

## COUNT II: NEGLIGENCE

17. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

18. The Defendant Kawasaki had a duty to exercise reasonable care in their actions.

19. The Defendant Kawasaki negligently breached said duty in a gross and extreme manner in that said recall notice was untimely and/or defective.

20. The Plaintiff was damaged as a proximate result of said breach of duty.

WHEREFORE, BASED ON THE FOREGOING, Plaintiffs demand judgment against each named Defendant and Fictitious Defendant, separately and severally, for compensatory and punitive damages in an amount to be determined by the jury, plus costs, along with such other, further and different relief to which Plaintiffs may be entitled.

## COUNT III: NEGLIGENCE PER SE

21. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

22. The Defendant Kawasaki had a duty to exercise reasonable care in their actions. Said duty is established by statute.

23. The Defendant Kawasaki negligently breached said duty in a gross and extreme manner in that said recall notice was untimely and/or defective.

24. The Plaintiff were damaged as a proximate result of said breach of duty.

WHEREFORE, BASED ON THE FOREGOING, Plaintiffs demand judgment against each named Defendant and Fictitious Defendant, separately and severally, for compensatory and punitive damages in an amount to be determined by the jury, plus costs, along with such other, further and different relief to which Plaintiffs may be entitled.

## COUNT IV: BREACH OF EXPRESS WARRANTY

25. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

26. Plaintiff Manning purchased the Motorcycle from Defendant Twin States Kawasaki and Kawasaki Manufacturers.

27. Defendants issued to said Plaintiff in connection with said Plaintiff's purchase of the Motorcycle a warranty.

28. On or about the 28th day of December, 2002, said product malfunctioned in that oil sprayed on the rear tire while the Motorcycle was in motion.

29. Plaintiff gave Defendant notice of the said product's failure to conform to the attached warranty.

30. As a proximate result of the said product's failure and the Defendant's breach of said warranty, the Plaintiffs were injured and damaged.

WHEREFORE, BASED ON THE FOREGOING, Plaintiffs demand judgment against each named Defendant and Fictitious Defendant, separately and severally, for compensatory and punitive damages in an amount to be determined by the jury, plus costs, along with such other, further and different relief to which Plaintiffs may be entitled including, but not limited to attorney fees pursuant to Code of Alabama, 1975, § 8-20-8.

## COUNT V: BREACH OF IMPLIED WARRANTY

31. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

32. The Defendants impliedly warranted that said product was fit for its intended use of driving on highways pursuant to the Code of Alabama, 1975, § 7-2-315; and further impliedly warranted that said product was merchantable pursuant to the Code of Alabama, 1975, § 7-2-314.

33. As heretofore stated, said product failed, and Defendants breached their said implied warranties in that the motorcycle was not fit for its intended use and/or was not merchantable.

34. Pursuant to the Code of Alabama, 1975, § 7-2-607(3), the Plaintiff gave the Defendants notice of Plaintiff's breach of warranty claim prior to bringing this suit.

35. As proximate result of the Defendant's said breach of their implied warranties, the Plaintiffs were injured and damaged.

WHEREFORE, BASED ON THE FOREGOING, Plaintiffs demand judgment against each named Defendant and Fictitious Defendant, separately and severally, for compensatory and punitive damages in an amount to be determined by the jury, plus costs, along with such other, further and different relief to which Plaintiffs may be entitled including, but not limited to attorney fees pursuant to Code of Alabama, 1975, § 8-20-8.

*Plaintiffs Demand a Jury Struck and Sworn*

Brandon L. Blankenship (BLA116)
Gilbert & Cook, P.C.
2117 First Avenue North
Birmingham, AL 35203
(205) 328-2660, Ext. 222

Serve Defendant's By Certified Mail

Twin States Kawasaki
1230 Gardner Blvd.
Columbus, MS 39702

Kawasaki Motors Corp., USA
c/o The Corporation Trust Company
    Corporation Trust Center
    1209 Orange Street
    Wilmington, DE 19801

IN THE CIRCUIT COURT OF PICKENS COUNTY, ALABAMA

TIMOTHY MANNING; BILLY JOE HOOD, )
                                                                    )
        Plaintiffs,                                   )
                                                                    )
v.                                                              )  Civil Action No. CV 2004-123
                                                                    )
KAWASAKI MOTORS CORP., U.S.A., et al., )
                                                                    )
        Defendants.                                 )

## NOTICE OF FILING NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(e), the defendants, Kawasaki Motors Corp., U.S.A. and Twin

States Kawasaki hereby file a true and correct copy of its Notice of Removal of this cause from this Court

to the United States District Court for the Northern District of Alabama, Western Division.

E. Martin Bloom (BLO 004)
J. Scott Evans (EVA 035)
Attorneys for Defendant Kawasaki Motors Corp.,
U.S.A.

OF COUNSEL:
Friedman, Leak & Bloom, P.C.
3800 Colonnade Parkway, Suite 650
P. O. Box 43219
Birmingham, AL 35243-0219

Jeffrey L. Ingram, Attorney for Twin States Kawasaki

OF COUNSEL:
Galese & Ingram, P.C.
P. O. Box 530985
Birmingham, AL 35253

## CERTIFICATE OF SERVICE

I hereby certify I have caused a copy of the foregoing pleading to be served on counsel for all parties by placing copies thereof in the United States Mail, first class postage prepaid and properly addressed, on this the ___2_/___ day of January, 2005.

OF COUNSEL

cc
Mr. Brandon L. Blankenship
Gilbert & Cook, P.C.
2117 First Avenue North
Birmingham, AL 35203

3791

2

IN THE UNITED STATES DISTRICT COURT
2005 JAN 21  PM 4: 03 FOR THE NORTHERN DISTRICT OF ALABAMA
Western Division

N.D. OF ALABAMA
TIMOTHY MANNING; BILLY JOE HOOD,          )
                                                             )
          Plaintiffs,                                        )
                                                             )
v.                                                           )   Civil Ac
                                                             )                CV-05-CO-0135-W
KAWASAKI MOTORS CORP., U.S.A., et al.,    )
                                                             )
          Defendants.                                        )

## CERTIFICATE

We hereby certify that Kawasaki Motors Corp., U.S.A. and Twin States Kawasaki, defendants

in this matter, by and through their counsel, gives written notice to the plaintiffs on the 21st day of

January, 2005, of the filing in this Court of its filing of their Notice of Removal in the above-referenced

action. We further certify that a copy of the Notice of Removal will be mailed to be filed with the Clerk

for the Circuit Court of Pickens County, Alabama, and mailed to the plaintiffs' counsel.

E. Martin Bloom (BLO 004)
J. Scott Evans (EVA 035)
Attorneys for Defendants Kawasaki Motors Corp.,
U.S.A.

OF COUNSEL:
Friedman, Leak & Bloom, P.C.
3800 Colonnade Parkway, Suite 650
P. O. Box 43219
Birmingham, AL 35243-0219
Telephone: (205) 278-7000

Jeffrey L. Ingram, Attorney for Twin States Kawasaki

## CERTIFICATE OF SERVICE

I hereby certify I have caused a copy of the foregoing pleading to be served on counsel for all parties by placing copies thereof in the United States Mail, first class postage prepaid and properly addressed, on this the _____ day of January, 2005.

OF COUNSEL

cc
Mr. Brandon L. Blankenship
Gilbert & Cook, P.C.
2117 First Avenue North
Birmingham, AL 35203

3791

2